AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| BRICE BURFORD, | ) | Case No.    4:26-mj-70371 MAG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

**FILED**
**3/31/2026**
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 24, 2025 _____ in the county of _____ Alameda _____ in the _____ Northern _____ District of _____ California _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 922(g)(9) | prohibited person in possession of a firearm |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Michaela McGlynn, FBI

☑ Continued on the attached sheet.

Approved as to form /s/ Ivana Djak
AUSA IVANA DJAK

/s/ Michaela McGlynn
*Complainant's signature*

Michaela McGlynn, Special Agent, FBI
*Printed name and title*

Sworn to before me by telephone.

Date: _____ 03/31/2026 _____

*Judge's signature*

City and state: _____ McKinleyville, CA _____          Hon. Robert M. Illman, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Michaela McGlynn, a Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, hereby declare as follows:

**INTRODUCTION**

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant for **Brice BURFORD** for being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(9) on or about October 24, 2025, in the Northern District of California.

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience; information provided by law enforcement officers, including officers from the Oakland Police Department (OPD) and United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF); information provided by reports prepared by other law enforcement officers; and information provided by databases, including **BURFORD**'s criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

**AFFIANT BACKGROUND**

4. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since September 2021. As part of my training to become a Special Agent, I received approximately 18 weeks of instruction at the FBI Academy. Since graduating from the Academy, I have received further training regarding federal and state laws and investigative techniques relating to violent

crime, criminal street gangs, criminal enterprises, human intelligence, wire, electronic, and physical surveillance, and firearms investigations.  From approximately March 2022 until February 2026, I was assigned to a squad that investigates violent crime in Alameda County, California.  Since March 2026, I am currently assigned to a squad that investigates human trafficking and crimes against children in the San Francisco Bay Area.

5.   During my career as an FBI Special Agent, I have participated in various violent crime investigations including firearms-related offenses, narcotics trafficking, commercial and bank robberies, gang and fugitive investigations, kidnapping, and assaults on federal officers.  During these investigations, I have utilized, or participated in investigations that utilized, various types of investigative techniques, including the use of confidential human sources ("CHS"), consensual recording, controlled purchases of firearms and narcotics; financial analysis, garbage searches, Global Positioning System ("GPS") tracking, investigative interviews, physical surveillance, records research, telephone toll analysis, and the service of Grand Jury subpoenas. I have participated in the execution of numerous state and federal arrest warrants and search warrants related to illegal activities involving criminal enterprises including for violations of firearms related offenses. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

## APPLICABLE STATUTES

6.   Title 18, United States Code, Section 922(g)(9) prohibits the possession of firearms by individuals convicted of a misdemeanor crime of domestic violence.  This definition includes all misdemeanors that involve the use or attempted use of physical force (*e.g.*, simple assault, assault, and battery).  The statute defines "misdemeanor crime of domestic violence" as any state or federal misdemeanor that:

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or

has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

## FACTS SUPPORTING PROBABLE CAUSE

### October 16, 2025 Robbery

7. On October 16, 2025 at approximately 1:05 a.m., the Oakland Police Department (OPD) responded to the report of a robbery and vandalism involving over $400.

8. The victim of the robbery reported to the OPD that at approximately 1:00 a.m. on October 16 he was driving in the area of 20th Ave. and International Blvd. when he observed a female (later identified as L.N.) with whom he had contact with approximately three days prior and exchanged telephone numbers. L.N. was standing on the corner near a liquor store and appeared to be a prostitute. The victim stated that he was trying to make friends with L.N., so he stopped and briefly talked to her before letting her enter his vehicle. The victim drove himself and L.N. to the 1200 block of 21st Ave. and parked in a parking spot. L.N. then started to demand money from the victim, but he refused. L.N. was texting someone and approximately five minutes later, a small white sedan parked behind him and a male exited and approached the victim at the driver's side door. The victim continued refusing the demands for money and the male later identified as **BURFORD**, and L.N., began to punch him with closed fists.

9. During the investigation, OPD identified L.N. and Brice **BURFORD** as the subjects who repeatedly punched the victim with closed fists an estimated 20 to 30 times, and stole the victim's wallet, laptop, and iPad.

### Identification of L.N.

10. On October 16, 2025, Automated License Plate Reader (ALPR) images show a white Nissan sedan, California license plate 9DWZ244 (Nissan) driving eastbound on International Blvd. at 14th Ave. (toward 21st Ave.) at approximately 12:57 a.m. and the same vehicle traveling northbound on 14th Ave. from International Blvd. at approximately 1:05 a.m. The registered owner of the Nissan is L.N..

3

11. L.N. was known to the OPD as previously haven been arrested for California Penal Code 647(b) - Prostitution.  The victim positively identified L.N. as the subject in the robbery when presented with a lineup of six photographs of women similar in appearance.

12. The victim also had L.N.'s telephone number saved in his telephone contacts as "L." [L.N.'s first name].  L.N. sent the victim a text message with the address 4550 MacArthur Blvd (which I know to be the address of the Laurel Inn in Oakland).

**October 24, 2025 Arrest of BURFORD and Possession of Firearm**

13. On October 17, 2025, an arrest warrant for L.N. was issued by the Superior Court of California County of Alameda.

14. On October 17, 2025, the OPD located the Nissan at the Laurel Inn located at 4550 MacArthur Boulevard, Oakland, CA.  Room 109 at the Laurel Inn was registered to L.N. and a copy of her driver's license was on file.

15. On October 22, 2025, the Superior Court of California County of Alameda issued a ping warrant for the telephone number used by L.N., as provided by the victim of the October 16 robbery.  OPD found that telephone data from Verizon showed the device appeared to be in the vicinity of the Laurel Inn located at 4550 MacArthur Boulevard, Oakland, California.

16. On October 24, 2025, at approximately 12:04 p.m., OPD officers observed L.N. exited Room 109 of the Laurel Inn and arrested her in the lobby of the hotel.

17. At approximately 12:30 p.m. on October 24, 2025, OPD officers issued commands outside of Room 109 to clear the room pending a search warrant.  Laurel Inn surveillance video[1] shows **BURFORD** (the only occupant in the hotel Room 109 at the time) stick his head out of the window (*Images 1 and 2*) and throw two firearms wrapped in towels out of the window.  At approximately 12:30:06 p.m., the first firearm is thrown (*Image 3*).  At approximately 12:30:48 p.m., **BURFORD** throws a second firearm out of the window (*Image 4*).

---

[1] Based on the timestamps from the OPD reports and body-worn camera, the Laurel Inn video timestamp is approximately 12 hours off.

4

*Image 1: Surveillance video of **BURFORD's** head outside of the window*



*Image 2: Zoomed in screenshot from Image 1 of **BURFORD's** head outside of the window*



*Image 3: First firearm thrown out of the window*



*Image 4: Second firearm thrown out of the window*



18. At approximately 12:32 p.m., a black male (later identified as **BURFORD**) was taken into custody by OPD officers *(Image 5)*.  **BURFORD** was arrested for violating a restraining order prohibiting him from being in contact with L.N., related to a previous domestic violence incident.  **BURFORD** was the only occupant of Room 109 from approximately 12:04 p.m. when L.N. was arrested and 12:32 p.m. when **BURFORD** was arrested.

*Image 5: Body-worn camera video of **BURFORD** arrest*



19. On October 24, 2025 at approximately 3:09 p.m., a search warrant was issued in the Superior Court of California County of Alameda to search 4550 MacArthur Boulevard Room 109.  The OPD maintained security of the room between the time of arrests and execution of the search warrant.

6

20. During the search, officers noticed the bathroom window facing the rear walkway was open.  Officers searched outside of the window and located an AK-47 Style Assault rifle, identified as a Century Arms, US VSKA AK (Draco Style) Pistol, 7.62x39mm, 10.5" barrel, serial number: SV7122424, next to one live rifle round and a banana-shaped rifle magazine (*Image 6*) and a stolen Glock 22, Gen 4, Austria, two tone: black and brown, serial number WRU331 handgun with an extended magazine (*Image 7*) in rear of 4550 MacArthur Blvd., Room 109.  The room closest to where the firearms were located was Room 109.

*Image 6: Draco Style pistol while (left) and after (right) being recovered*



*Image 7: Glock handgun*




**Each of the Firearms Possessed by BURFORD Traveled in Interstate Commerce**

21. On March 19, 2026, a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) physically reviewed the two above-referenced firearms and confirmed that neither was made or manufactured in California. The ATF Special Agent observed the Glock magazine had a capacity to hold 22 rounds and was loaded with 15 rounds of ammunition. The Draco style pistol had a 40-round magazine with 33 rounds loaded.

22. As part of my investigation, I also received ATF summaries of both gun traces, which provide a summary history of the firearm, including its make, model, serial number, country of manufacture, and importer. The ATF trace for the Century Arms firearm indicated it was manufactured by Century Arms Inc. in Georgia, Vermont and sold through Ventura Distribution Inc. in Las Vegas, Nevada. The ATF trace for the Glock firearm indicated it was manufactured in Austria, imported into the United States through Smyra, GA, and subsequently sold through a sporting goods business in Reno, Nevada. Consequently, both of the firearms must have travelled across state lines prior to being recovered in the Northern District of California. Additionally, the Glock firearm would have travelled across international lines.

**BURFORD's Misdemeanor Domestic Violence Conviction**

23. On March 5, 2022, **BURFORD** was arrested for: California Penal Code (PC) 273.5(a) - Inflict Corporal Injury On Spouse/Cohabitant/Dating Relationship, and PC 245(a)(4) – Assault with a Deadly Weapon With Force: Possible Great Bodily Injury); PC 243(e)(1) - Battery: Spouse/Ex-Spouse/Date/Etc.).

24. On November 15, 2022, **BURFORD** entered a guilty plea for one count of PC 273.5(a) - Inflict Corporal Injury On Spouse/Cohabitant/Dating Relationship.  On January 6, 2023, **BURFORD** was sentenced to time served (276 days in jail) and three years of probation.  At that time, the court also entered a criminal protective order prohibiting **BURFORD** from contact with L.N..

25. California Penal Code (PC) 273.5(a) makes it illegal to injure a spouse, cohabitant or fellow parent in an act of domestic violence.  The elements of the offense are that (a) the defendant willfully and unlawfully inflicted a physical injury on his or her current or former spouse, cohabitant or child's parent; (b) the injury resulted in a traumatic condition; and (c) the defendant did not act in self-defense.  *See* Cal Crim Jury Instruction 840, Judicial Council of California Criminal Jury Instructions (2025 edition).

26. **BURFORD**'s guilty plea pertained to a July 11, 2021 incident during which **BURFORD**'s ex-girlfriend (L.N.), who was 17-years old at the time, reported that he repeatedly struck her across her body and head and choked her.  San Francisco Police Department (SFPD) officers observed that L.N. was bloody and had a laceration on her eye.  After this incident, **BURFORD** repeatedly threatened to further assault L.N..  On January 30, 2022, **BURFORD** again punched L.N.in the face.  At the time, L.N. already had an emergency protective order in place.

**CONCLUSION**

Based on the above information, I submit that there is probable cause to believe that, on or about October 24, 2025, in the Northern District of California, **BURFORD** committed a

9

violation of Title 18, United States Code, Section 922(g)(9) banning the possession of firearms by individuals convicted of a misdemeanor crime of domestic violence.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/
Michaela McGlynn
FBI Special Agent

Subscribed and sworn before me by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d) on this 31st day of March, 2026

THE HONORABLE ROBERT M. ILLMAN
MAGISTRATE JUDGE

10